UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

In re:

KELLEY, Kenyon K.
              Debtor.
_____

JAMES J. O'HAGAN, a single man,

              Appellant,

      v.

NORTHWEST FARM CREDIT SERVICES, FLCA, a corporation, et al.,

              Appellees.

Case No. C07-5122RJB

ORDER DISMISSING PLAINTIFF'S APPEAL

    This matter comes before the court on the bankruptcy appeal filed by Appellant. Dkt. 16. The court has considered the relevant documents and the remainder of the file herein.

## I.  PROCEDURAL HISTORY

    On December 9, 2004, Appellant James O'Hagan ("Appellant"), originally filed a complaint challenging the validity of a security interest, as well as an objection to a proof of claim, against Appellee Northwest Farm Credit Services ("NWFCS") in the United States Bankruptcy Court for the Western District of Washington at Tacoma under Adversary Case Number 04-4253, Docket Number, (hereafter "B. Dkt.") 1. The debtor in this bankruptcy proceeding is Kenyon Kelley, and NWFCS is a creditor of Kelley's. Appellant is seeking to recover a judgment obtained against Mr. Kelley in a state court

ORDER
Page - 1

proceeding.

Appellant filed a first amended complaint in Bankruptcy Court on January 4, 2005, where several other defendants were added. B.Dkt. 4. In the amended complaint, Appellant alleged negligence on the part of the attorneys who represented Appellant in his state court proceeding against the debtor, as well as negligence on the part of the trustees of the debtor's estate. *Id.* Appellant also alleged that NWFCS engaged in a "fraudulent transfer in the equity in the Kelley farm." *Id.*

On February 8, 2005, Bankruptcy Judge Paul B. Snyder granted summary judgment in favor of NWFCS as to the validity of its security interest in the disputed property, and as to the alleged fraudulent transfer between NWFCS and the debtor. B.Dkt. 56. Judge Snyder also denied Appellant's cross motion for summary judgment. *Id.* Appellant filed a second amended complaint on February 18, 2005, a third amended complaint on April 20, 2005, and a fourth amended complaint on June 1, 2005. B.Dkt. 60, 100, and 106. Appellant's bankruptcy case was later transferred to Bankruptcy Judge Phillip H. Brandt.

On July 5, 2005, Judge Brandt issued an order dismissing NWFCS from the bankruptcy proceeding and/or striking claims and other pleadings filed by Appellant against NWFCS. B.Dkt. 134. On December 22, 2005, the Bankruptcy Court entered a judgment dismissing all claims and all parties in Appellant's adversary proceeding. B.Dkt. 191.

Appellant filed a notice of appeal on January 18, 2006. B.Dkt. 194. Appellant appealed the following decisions made by the bankruptcy court: (1) the denial of a jury trial; (2) the order precluding Appellant from continuing to file amended complaints; (3) the dismissal of the complaint against NWFCS; (4) the dismissal of the complaint against the law firm that represented Appellant during his state adverserial proceeding against the debtor; (5) the dismissal of the complaint against the trustees; and (6) the dismissal of the entire proceeding. *Id.* On March 17, 2006, this Court dismissed Appellant's appeal as untimely. United States District Court, Western District of Washington at Tacoma, Civil Case Number 06-5080RJB, Docket Number 23. The appeal was dismissed with prejudice. *Id.*

On December 22, 2006, Appellant filed an Affidavit and Petition of Plaintiff to Reopen Case Based on Newly Discovered Evidence in Bankruptcy Court. B.Dkt. 208. Judge Brandt heard oral argument from Appellant on February 6, 2007. NWFCS filed a motion opposing Appellant's motion on February 6, 2007, but was not present at oral argument. B.Dkt. 212. On February 7, 2006, the Bankruptcy Court

1 denied Appellant's motion to reopen. B.Dkt. 213.

2 Appellant filed a Notice to Appeal Court's Decisions on February 14, 2007. B.Dkt. 214. It is this
3 appeal that is now pending before this District Court. Appellant requested that the Bankruptcy Court
4 designate the entire bankruptcy court record for inclusion of his record on appeal. B.Dkt. 221. NWFCS
5 filed an opposition to Appellant's designation. B.Dkt. 225. On March 29, 2007, the Bankruptcy Court
6 issued an Order Limiting and Striking Appellant's Designation of the Record on Appeal. B.Dkt. 229.

## II. APPEAL

8 Appellant filed a Brief of Appellant in this Court on June 4, 2007. United States District Court,
9 Western District of Washington at Tacoma, Civil Case Number 07-5122RJB, Docket Number (hereafter
10 "Dkt.") 16. Appellant argues that: (1) newly discovered evidence supports Appellant's contention that
11 NWFCS engaged in a fraudulent transfer designed to "judgment-proof" debtor Kenyon Kelly's assets from
12 Appellant; (2) Appellant was entitled to a default judgment because NWFCS did not appear at oral
13 argument; (3) Judge Brandt demonstrated partiality throughout Appellant's bankruptcy proceeding and
14 improperly argued NWFCS's case at oral argument; and (4) Appellant is not barred from trial because of
15 the mistakes of his attorneys.

16 NWFCS filed a Brief of Appellee on September 21, 2007. Dkt. 18. Appellee argues that: (1) the
17 Bankruptcy Court did not abuse its discretion in denying Appellant's motion to reopen his case; (2)
18 Appellant cannot utilize the Federal Rule of Civil Procedure 60(b) appeal as a substitute for an appeal of
19 the summary judgment dismissal; (3) Appellant is not entitled to an order vacating the order of dismissal of
20 NWFCS under Rule 60(b); (4) Appellant is not entitled to relief based on allegations of attorney
21 malpractice; (5) the Court should uphold the Bankruptcy Court's Order Limiting and Striking Appellant's
22 Designation of Record on Appeal; and (6) the Bankruptcy Court properly denied Appellant's motion for
23 default at the hearing on the Rule 60(b) motion. Appellee also argues that Appellant's appeal is frivolous
24 and requests that the Court consider imposing sanctions on Appellant.

## III. DISCUSSION

26 **A. SCOPE OF APPEAL**

27 NWFCS argues that Appellant may not utilize this appeal as a substitute for appeal of the
28 Bankruptcy Court's summary dismissal. Dkt. 18. Appellant raises several issues that do not pertain to his

appeal of the Bankruptcy Court's denial of his motion to reopen his case. In particular, Appellant assigns error to the entry of summary judgment in favor of NWFCS. *See* Dkt. 16. Appellant has already appealed the Bankruptcy Court's ruling granting summary judgment in favor of NWFCS, and this Court dismissed that appeal as untimely.

Appellant's appeal is thus limited only to the Bankruptcy Court's denial of Appellant's Rule 60(b) motion to reopen his case. Accordingly, the Court should dismiss the summary judgment assignment of error, and consider only those arguments that pertain to the appeal before the Court regarding the reopening denial.

## B.  BANKRUPTCY COURT ORDER LIMITING AND STRIKING APPELLANT'S DESIGNATION OF RECORD

NWFCS requests that the Court uphold the Bankruptcy Court order that limited Appellant's designation of the entire record for his appeal. While Appellant should not have designated the entire bankruptcy court proceeding record, in the interest of fairness, the Court has considered the entire record, and this issue is therefore moot.

## C.  ALLEGED JUDICIAL MISCONDUCT

Appellant's third and fourth assignments of error allege judicial misconduct on the part of Judge Brandt. Dkt. 16. The third assignment of error alleges that Judge Brandt improperly "argued [defendant's] case" after NWFCS failed to appear at oral argument. *Id.*, at 4. The fourth assignment alleges that Judge Brandt was partial and showed favoritism towards the trustees and other defendants. *Id.*

A judge should disqualify himself "in any proceeding in which his impartiality might unreasonably be questioned", or whenever "he has personal bias or prejudice concerning a party." *Matter of Beverly Hills Bancorp*, 752 F.2d 1334, 1341 (9th Cir. 1984), citing 28 U.S.C. § 455(a) and (b)(1). A reviewing court applies an objective standard which requires recusal whenever a reasonable person might question the judge's impartiality. *Id.*, *citing United States v. Winston*, 613 F.2d 221, 222 (9th Cir. 1980). Such a bias may "spring from many sources", but typically comes from an extrajudicial source. *See id.*, *citing United States v. Conforte*, 624 F.2d 869, 881 (9th Cir. 1980). Adverse rulings by a judge are not sufficient to justify a finding of judicial misconduct. *See Davis v. Fendler*, 650 F.2d 1154, 1163 (9th Cir. 1981); *see also Liteky v. United States*, 510 U.S. 540, 555 (1994) ("judicial rulings alone almost never constitute valid

basis for a bias or partiality motion.").

Appellant argues that Judge Brandt erred by not entering a judgment against NWFCS based on NWFCS's absence from the hearing on Appellant's motion to reopen his case. *Id.*, at 13-14. Appellant also argues that Judge Brandt "argued" the defendant's case during oral argument.

In addition, Appellant alleges that Judge Brandt obstructed justice by improperly indicating to debtor Kenyon Kelley that there existed only a few more years on Appellant's state court judgment against Mr. Kenyon, and that if Mr. Kenyon could "hold out", that judgment would be dismissed. *Id.*, at 5. Appellant also alleges that "all of [J]udge Phillip H. Brandt['s] decisions are an intentional act by him to obstruct justice and conceal the negligent actions of the trustees and others involved in the case." *Id.*, at 7. Appellant further alleges that Judge Brandt ignored evidence and assisted NWFCS with a cover-up by refusing to address Appellant's allegations involving the alleged fraud committed by NWFCS. *Id.*, at 12.

Appellant has offered no evidence to support his allegation of judicial misconduct. First, the record shows that Judge Brandt did not err in denying Appellant's motion for default at his February 6, 2006 hearing. The Court acted within its discretion to proceed with the hearing absent the presence of counsel for NWFCS. *See Eitel v. McCool*, 782 F.2d 1470, 1472 (9th Cir. 1986) (a court's decision to enter a default is discretionary). It was apparent that NWFCS opposed the relief Appellant sought.

In addition, the record shows that Judge Brandt did not argue the case for NWFCS. Rather, Judge Brandt acted within his discretion by seeking information from Appellant for the purpose of deciding the Appellant's motion.

Furthermore, Judge Brandt did not obstruct justice, engage in any "cover-up", or otherwise engage in any judicial misconduct. Appellant was provided an opportunity to argue his case in the February 6, 2006 hearing before Judge Brandt. This Court has reviewed the transcript of that hearing and finds no evidence of partiality, cover-up, or obstruction of justice. The Court should deny Appellant's appeal based on Appellant's assignments of error alleging judicial misconduct.

## D. APPELLANTS MOTION TO REOPEN CASE UNDER RULE 60(B)

Appellant appeals the Bankruptcy Court's denial of his Rule 60(b) motion.

A reviewing court may relieve a party from a final judgment, order, or proceeding where newly discovered evidence, fraud, or any other reason justifies relief. Fed. R. Civ. P. 60(b)(2), (3), and (6). A Rule 60(b) motion is reviewed for an abuse of discretion and will be reversed only upon a clear showing of such abuse. *De Saracho v. Custom Food Machinery, Inc.*, 206 F.3d 874 (9th Cir. 2000). A bankrutpcy court abuses its discretion if it committed a clear error of judgment in the conclusion it reached upon a weighing of the relevant factors. *See SEC v. Coldicutt*, 258 F.3d 939, 941 (9th Cir. 2001); *see also Valley Eng'r, Inc. v. Electric Eng'g Co.*, 185 F.3d 1051 (9th Cir. 1998).

To establish that a lower court abused its discretion in denying a motion based on newly discovered evidence, the movant must show that: (1) the evidence was found after a final judgment was entered; (2) the exercise of due diligence would not have resulted in the evidence being discovered at an earlier stage; and (3) the newly discovered evidence is of such magnitude that production of it earlier would likely have changed the outcome of the case. *See Far Out Productions, Inc. v. Oskar*, 247 F.3d 956, 992-93 (9th Cir. 2001), *citing Defenders of Wildlife v. Bernal*, 204 F.3d 920, 929 (9th Cir. 2000). On December 22, 2006, Appellant filed his motion to reopen his case with the Bankruptcy Court. B.Dkt. 208. Appellant claims to have discovered evidence that NWFCS was involved in a fraudulent transfer designed to protect Mr. Kelley's assets from judgment creditors. Appellant alleged that Mr. Kelley worked with his financial advisor, Carsten von Borstel, to "judgment proof" assets from Appellant's judgment against Mr. Kelley. Appellant further alleged that Mr. von Borstel had held a financial interest in NWFCS, and assisted NWFCS in engaging in a fraudulent transfer designed to protect Mr. Kelley's assets from Appellant. Appellant attached several exhibits in support of his motion: (1) a March 2002 bankruptcy court order denying Mr. Kelley's discharge, and the related court transcript; (2) a September 2001 bankruptcy court order finding that Mr. von Borstel made a fraudulent conveyance in a bankruptcy case involving Michael P. Murphy; (3) a September 2002 Oregon district court order granting a motion to compel Mr. von Borstel to testify as to matters involving a transfer of $150,000 made to Mr. Kelley; (4) an April 1990 memorandum

from Farm Credit Services addressed to Bonnie Montague in regards to DVB and Sons; (5) an August 1979 letter addressed to Donald T. von Borstel & Sons from a third party; and (6) a 1986 security agreement involving a property in Oregon.

In his brief to this Court, Appellant alleges that NWFCS engaged in fraudulent actions to withhold evidence in Mr. von Borstel's personal bankruptcy "that led to hundreds of thousands of dollars owed to NWFCS being dismissed, due to bankruptcy fraud." Appellant claims that trustee Russell Garrett was aware that Mr. von Borstel had an investment in NWFCS, and alleges misconduct on the part of Mr. Garrett.

Appellant also argues that he could not have discovered the evidence before the entry of final judgment because of the negligence of his attorneys. Appellant claims to have come across this evidence after Appellant purchased Mr. von Borstel's estate in Oregon, at which time he "began to investigate" Mr. von Borstel's business holdings. Dkt. 16, at 11.

The Bankruptcy Court did not abuse its discretion in denying Appellant's Rule 60(b) motion. First, the Bankruptcy Court acted within its discretion in finding that the new evidence was discoverable prior to the entry of final judgment. Appellant fails to demonstrate that the exercise of due diligence would not have resulted in the evidence being found at an earlier stage of the proceeding. As Judge Brandt concluded, the documents offered by Appellant were records dated at least four years prior to Appellant's motion, and were discoverable by due diligence. Judge Brandt noted that Appellant could have conducted discovery as to the relationship between Mr. von Borstel and NWFCS at an earlier stage of the proceeding.

Second, Appellant may not reopen this case based on allegations of attorney malpractice. Litigants are bound by the conduct of their attorneys, absent egregious circumstances. *See Kung v. FOM Inv. Corp.*, 563 F.2d 1316, 1318 (9th Cir. 1977). Appellant has not demonstrated that such egregious circumstances exist here, in large part because Appellant has not demonstrated that the newly discovered

evidence that Appellant implies should have been discovered by his attorneys could have altered the outcome of his case.

Third, the Bankruptcy Court did not abuse its discretion in finding that the new evidence would not have likely changed the outcome of the case. Even if Appellant were to satisfy the due diligence element, he fails to demonstrate that the newly discovered evidence is of such magnitude that production of it earlier would likely have changed the outcome of the case. The evidence provided by Appellant mainly addresses transactions involving Mr. von Borstel, who, as the Bankruptcy Court pointed out at oral argument, was not a party to Appellant's case. The Bankruptcy Court's finding that Appellant has not provided evidence connecting Mr. von Borstel to alleged fraud committed by NWFCS is supported by the record.

On appeal, Appellant has not referenced any evidence in the record that supports a finding that NWFCS engaged in a fraudulent transfer designed to protect Mr. Kenyon's assets from the creditor Appellant. On its own review of the record, this Court has not located any evidence that supports this claim. Appellant has merely alleged that Mr. von Borstel held an investment interest in NWFCS. Even if Appellant could demonstrate that such an investment supports an allegation of fraud, Appellant has not provided evidence of this investment interest.

Accordingly, the Court should dismiss Appellant's appeal of the Bankruptcy Court's order denying Appellant's motion to reopen his case based on newly discovered evidence.

**E. SANCTIONS**

NWFCS requests that the Court consider imposing sanctions against Appellant under Bankruptcy Rule 9011. While the Court agrees that this litigation has carried on much too long, Appellant's efforts to reopen this case are not sufficiently egregious to warrant sanctions. Accordingly, the Court should not impose sanctions at this time.

## IV.  SUMMARY AND ORDER

The Court should deny Appellant's appeal with prejudice. The Court should not assess sanctions against Appellant.

Therefore, it is hereby

**ORDERED** that Appellant's Appeal (Dkt. 16) is **DISMISSED WITH PREJUDICE**.

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing pro se at said party's last known address

DATED this 19th day of October, 2007.

/s/ Robert J. Bryan
ROBERT J. BRYAN
United States District Judge